Courtney M. Coates, SBN 203448
LAW OFFICES OF COURTNEY M. COATES
26201 Ynez Road, Suite 103
Temecula, California 92591
Telephone: (951) 595-8118
Facsimile: (951) 296-2186
ccoateslaw@gmail.com

James L. Walker, JR., 411767
WALKER & ASSOCIATES, LLP
80 Wildhorse Court
Monroe, Connecticut 06468
(203) 324-0091

Attorneys for Plaintiffs
MASSEY ENTERPRISE INTERNATIONAL, INC.;
BOY-O-BOY ENTERTAINMENT, INC.;
ANGEL MASSEY; KYLE MASSEY;
and CHRISTOPHER MASSEY

**[SEE ATTACHED PAGE FOR DEFENDANTS' COUNSEL]**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSEY ENTERPRISE INTERNATIONAL, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ASSOCIATED TELEVISION INTERNATIONAL, et al., <br><br> Defendants. | Case No. CV12-05327-JFW (MRWX) <br><br> Assigned to: HON. JOHN F. WALTER <br><br> **JOINT RULE 26(f) REPORT FROM EARLY MEETING OF COUNSEL AND PROPOSED DISCOVERY PLAN** |

2567426

RICHARD L. CHARNLEY (SBN 70430)
STEPHEN J. ERIGERO (SBN 121616)
TOMAS A. BURGOS III (SBN 193434)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:   (213) 312-2000
Facsimile:    (213) 312-2001
Email:        rcharnley@rmkb.com
serigero@rmkb.com
tburgos@rmkb.com

Attorneys for Defendants
ASSOCIATED TELEVISION INTERNATIONAL; HELPING HANDS, LLC;
AND DAVID McKENZIE

Stephen G. Contopulos, SBN 50317
scontopulos@sidley.com
Bradley H. Ellis, SBN 110467
bellis@sidley.com
Wesley R. Montalvo, SBN 280570
wmontalvo@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendant
A&E TELEVISION NETWORKS, LLC

2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, Plaintiffs Massey Enterprise International, Inc., Boy-O-Boy Entertainment, Inc., Angel Massey, Christopher Massey, and Kyle Massey (collectively, "Plaintiffs") and Defendants A&E Television Networks, LLC ("A&E"), Associated Television International ("ATI"), David McKenzie, formerly known as David Stanton ("McKenzie"), and Helping Hands, LLC ("Helping Hands") (collectively, "Defendants") file this joint report and discovery plan following the conference of counsel.  Plaintiffs and Defendants do not agree as to certain portions of the joint report and, with regard to such portions, have included their individual and respective statements regarding them.

**Requirements of FRCP 26(f); Central District Local Rule 26-1:**

1.    <u>Subject Matter Jurisdiction:</u>  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This is an action for an alleged violation of the United States Copyright Act.  Pursuant to 28 U.S.C. §1367, the Court has pendent jurisdiction over related claims that arise from the same nucleus of operative facts and from the same transactions.

2.    <u>Brief Chronology of Facts:</u>  Plaintiffs Angel Massey, Christopher Massey, and Kyle Massey ("the Masseys") are producers and entertainers within the television and music industry.  The gravamen of Plaintiffs' claims arises from ATI's production of four television series, entitled *Bristol Palin: Life's a Tripp* (broadcast by

3

Defendant A&E), *World's Funniest Moments*, *Elizabeth Stanton's Great Big World*, and *Laura McKenzie's Traveler*.  Plaintiffs claim that they contracted with Defendants to participate in an ATI-produced television show tentatively entitled *Helping Hands*.  Angel Massey was the sole Creator of the show and an Executive Producer.  Plaintiffs claim that Defendants stole the original idea for the show, breached and prevented Plaintiffs' performance under these contracts, and committed tortious acts in the process, as described more fully below.  Furthermore, Plaintiffs allege that ATI and McKenzie misappropriated Christopher and Kyle Masseys' name and likeness by producing *World's Funniest Moments*, *Elizabeth Stanton's Great Big World*, and *Laura McKenzie's Traveler*.

3.      Plaintiffs allege the following against Defendants:  (count one) ***Copyright Infringement (Bristol-ogy 101):***—that Defendants, and each of them, infringed upon Plaintiffs' copyrighted work, entitled *Bristol-ogy 101*, by producing and airing a derivative series, entitled *Bristol Palin:  Life's a Tripp*; (count two) ***Copyright Infringement (Hey Lady)***—that Defendants Associated Television and McKenzie infringed upon Plaintiffs Kyle and Christopher Masseys' copyright in a musical composition, entitled *Hey Lady*, by placing and publishing the song in the Vietnam Are You Listening episode of syndicates series *Elizabeth Stanton's Great Big World*; (count three) ***Fraud***—that ATI, Helping Hands, and McKenzie committed fraud by making materially false representations to the Masseys concerning the relevant contracts with the Masseys and the unrelated Syndicated Series; (count four) ***Breach***

4

*of Contract*—that Defendants breached relevant express and implied contracts by failing to pay the Masseys for services rendered, terminating the contracts, and misappropriating their television idea; (count five) ***Breach of the Implied Covenant of Good Faith and Fair Dealing***—that Defendants violated the covenant of good faith and fair dealing by abusing certain discretions afforded to them under the contract, preventing Plaintiffs' performance, and depriving them of the benefits under their contract; (count six) ***Violation of Civ. Code § 3344***—that Defendants ATI and McKenzie violated Civil Code section 3344 by misappropriating Plaintiffs' names and images in the Syndicated Series without their permission; (count seven) ***Tortious Interference with Prospective Economic Advantage***—that Defendants tortiously interfered with Plaintiffs' prospective economic relationship with Bristol Palin when, after she agreed to work with Plaintiffs, Defendants terminated the Masseys and induced Palin to do a substantially similar television series without the Masseys; (count eight) ***Violation of Bus. & Prof. Code § 17200***—that Defendants violated Business & Professions Code § 17200 by engaging in the foregoing wrongful conduct; (count nine) ***Constructive Trust & Accounting***—that Defendants should be required to account and hold in constructive trust all monies derived from their wrongful infringements and misappropriation.

      4.    <u>Defendants' Defenses:</u> McKenzie is the Chief Executive Officer of ATI, the production company that produced *Helping Hands* and executed the Deal Memos with Plaintiffs.  ATI also produced the three shows mentioned in count six of the

5

SAC: *Elizabeth Stanton's Great Big World*, *Laura McKenzie's Traveler*, and *World's Funniest Moments*. Helping Hands is an LLC created to operate the reality television show of the same name. A&E is a television network that broadcasted *Life's a Tripp*. A&E was not involved with any of the three shows mentioned in count six of the SAC. Accordingly, Plaintiffs have agreed to voluntarily dismiss A&E from count six.

As an initial matter, Defendants will assert that all causes of action must be remitted to arbitration pursuant to contractual provisions agreed to by Plaintiffs.

As to the substance of the first count in the SAC, for copyright infringement, Defendants deny that they copied any material owned by Plaintiffs when they created and produced *Life's a Tripp*. In addition, Defendants will assert that any similarities between *Bristol-ogy 101* and *Helping Hands* and *Life's a Tripp* are limited to ideas not protected by copyright law and that, in any event, the works are not substantially similar. Furthermore, Defendants will allege that Plaintiffs do not own any of the material they contend Defendants copied; instead, such material is a "work-for-hire" not owned by Plaintiffs.

To the extent that Plaintiffs' other claims arise out of the alleged use of Plaintiffs' copyrighted material, Defendants will assert that the claims are preempted by the Copyright Act.

To the first count of Copyright Infringement (*Bristol-ogy 101*) Plaintiffs allege that they registered a ***pilot treatment*** for *Bristol-ogy 101* with the Writer's Guild of America; they also registered that pilot with the US Copyright Office, Registration

6

No. TXu001765283.  However, ATI's position is that there is a fundamental difference between an idea (not subject to copyright protection) and the expression of an idea (protectable by copyright) and thus no infringement exist.  To the second count of Copyright Infringement (Hey Lady) from the information presently known, ATI is under the belief that no such infringement exists and therefore the Plaintiff is not entitled to any damages.

With respect to the third count (fraud)**,** ATI contends that from a procedural standpoint, Plaintiffs' SAC fails to meet the specificity requirements for pleading a cause of action based on fraud/deceit.  Plaintiffs make broad, vague accusations with respect to "wrongful acts" allegedly committed by defendants.  Furthermore, this claim represents nothing more than Plaintiffs' attempt at duplicative recovery based on their allegations of breach of the Deal Memos executed with ATI.  Beyond the aforementioned pitfalls in Plaintiffs' fraud and deceit claim, ATI contends that it honored the Deal Memos with Plaintiffs.   ATI paid out a substantial sum of money based upon performance by both ATI and Plaintiffs with respect to the Deal Memos.  Moreover, ATI contends that it was  Plaintiffs' wrongful conduct that constitutes a breach of the Deal Memos, and any resolution of outstanding payments based on those contracts must be offset by amounts already paid to Plaintiffs, property damage resulting from Plaintiffs' conduct, and defamatory statements made by Plaintiffs that have damaged the Palin project and ATI.

A&E will assert that none of the claims is adequately pled, and, in fact, in most

cases, no charging allegations are made against A&E.  Thus, no counts are stated and A&E is not on notice of the facts underlying the claims brought against it.

Furthermore, A&E will assert that Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair competition, (counts four, five, and eight) arise out of contracts to which A&E is not a party.  A&E cannot therefore be liable on those causes of action.

With respect to the claim for misappropriation in particular (count six), A&E will assert that *Life's A Tripp* does not use the names, likenesses, photographs  or voices of any of the Plaintiffs, and therefore, there can be no misappropriation claim as a matter of law.  As to the remaining shows in which the name and likeness of Kyle and Christopher Massey were allegedly misappropriated, they were not broadcast by A&E, and A&E had no role whatsoever in their creation or production.

In addition to the above, ATI contends that it had authorization at all time to use the name and likeness of Kyle and Christopher Massey pursuant to written agreements, having paid them and by and through the understanding of all the parties involved at the various filming locations.

Defendants will assert that the ninth cause of action, for constructive trust and accounting, states no claim upon which relief can be granted.  It is a mere request for relief with no legal basis.

Defendants reserve the right to assert additional defenses and claims as the facts develop through discovery.

8

5.    <u>All Prior and Pending Motions:</u>  Plaintiffs contemplate filing any and all dispositive motions, including a motion for partial summary judgment and/or motion for summary judgment.  Defendants contemplate filing a motion to compel arbitration, which will be promptly filed no later than 21 days from Plaintiffs' service of the Second Amended Complaint.  To the extent that motion is not granted, Defendants will file a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) fourteen (14) days after the ruling on the motion to compel arbitration.  Defendants are also considering and reserve the right to file a special motion to strike under Cal. Civ. Code § 425.16 and a motion for summary judgment.

6.    <u>Added Parties or Claims:</u>  The parties have entered into a Stipulation to file a Second Amended Complaint, which clarifies allegations and adds additional claims for copyright infringement and imposition of a constructive trust and accounting.

Defendants anticipate no additional parties joining the litigation.

7.    <u>Discovery Matters:</u>  Plaintiffs intend to propound written discovery, including requests for admissions, document requests and interrogatories.  In addition, Plaintiffs will take party depositions, including depositions of percipient witnesses and depositions of any designated experts.  Plaintiffs currently estimate taking, at least, 10 percipient witness depositions, including David McKenzie, Laura McKenzie, and Elizabeth Stanton, to commence in late November, or early December.  The scope of discovery relates to the subject matter of the television series at issue in this case, the

9

transactional documents, if any, relating thereto, and all matters reasonably calculated to lead to the discovery of admissible evidence as to Plaintiffs' claims of fraud, breach of contract, misappropriation, tortious interference, unfair business practices, and accounting.

Plaintiffs anticipate discovery disputes arising from Defendant Associated Television International, Helping Hands, LLC, and David McKenzie's failure to provide a full and accurate accounting of monies received from the Bristol Palin Series and Syndicated Series.

A&E anticipates serving discovery regarding the alleged creation of copyrighted material. To the extent other claims survive a motion to dismiss, discovery will be needed respecting the basis of claims alleged against A&E for breaches of contracts to which it is not a party, and for the basis of claims supporting Plaintiffs' causes of action against A&E for unfair competition, misappropriation, constructive trust, and tortious interference.

ATI anticipates serving discovery regarding the alleged creation of copyrighted material. To the extent other claims survive a motion to dismiss, discovery will be needed respecting the basis of claims alleged against ATI for fraud, breaches of contracts, and for the basis of claims supporting Plaintiffs' causes of action against ATI for unfair competition, misappropriation, constructive trust, and tortious interference. This will include written discovery, as well as, depositions of the Plaintiffs' and various other individuals that participated in the alleged creation of the

10

various copyrighted works.

8.    Discovery Schedule:  The parties propose the following discovery schedule in light of the anticipated motion to compel arbitration:

- The parties have agreed to serve initial disclosures fourteen (14) days after the Court's ruling on the motion to compel arbitration;

- Fact discovery completed by: nine (9) months after the Court's ruling on the motion to compel arbitration;

- Expert reports completed by: sixty (60) days after the close of fact discovery;

- Exchange of rebuttal expert reports by: fourteen (14) days after the completion of the expert reports;

- Discovery from Plaintiffs' experts completed by: seven (7) days after the exchange of rebuttal expert reports;

- Discovery from Defendants' experts completed by: seven (7) days after the completion of discovery from Plaintiffs' experts; and

- Summary judgment motions due fourteen (14) days after the completion of discovery from Defendants' experts.

9.    Jury Trial: The parties estimate and request a fourteen (14) day jury trial, the pretrial conference to take place sixty (60) days after the Court's ruling on motions for summary judgment, and the trial itself to take place fourteen (14) days after the

pretrial conference.

10.   Related Cases:   There are no related cases or proceedings.

11.   Compliance with "Certification as to Interested Parties":   Each party certifies that they have complied with the certification of interested parties requirement.   Plaintiff re-certifies that the following parties have a direct, pecuniary interest in the outcome of this case:   Plaintiffs Massey Enterprise International, Inc., Boy-O-Boy Entertainment, Inc., Angel Massey, Christopher Massey, Kyle Massey, on the one hand, and Defendants A&E Television Networks, LLC, Associated Television International, Helping Hands, LLC, and David McKenzie, also known as David Stanton.

12.   Settlement & ADR:   The parties have selected private mediation (ADR Option 3), before the Honorable George Schiavelli (Ret.) on September 5, 2012. Defendants have indicated that there may be insurance coverage for the claims asserted and have asked to resume the mediation within the next 30 days.

13.   Complexity:   The parties do not presently propose that the Court use the procedures of the Manual for Complex Litigation.

14.   Orders Under FRCP 16 or 26(c):   The parties do not currently propose the entry of any orders contemplated by FRCP 16(b) or (c), although the parties may propose such orders as the case proceeds.   The parties anticipate requesting that the Court enter a stipulated confidentiality agreement and protective order under FRCP 26(c) to protect A&E's trade secret and other confidential business information.   The

12

1    parties will negotiate a mutually acceptable form of such a proposed order to submit to

2    the Court.

3

4    Dated:  October 8, 2012          LAW OFFICES OF COURTNEY M. COATES

5

6                                     By:___/s/ Courtney M. Coates_____

7                                          Courtney M. Coates, Esq.
                                           Attorneys for Plaintiffs MASSEY

8                                          ENTERPRISE INTERNATIONAL, INC.,
                                           BOY-O-BOY ENTERTAINMENT, INC.,

9                                          ANGEL MASSEY, CHRISTOPHER
                                           MASSEY, KYLE MASSEY

10

11   Dated:  October 8, 2012          SIDLEY AUSTIN LLP

12

13

14                                    By:___/s/  Stephen G. Contopulos_____
                                          Stephen G. Contopulos

15                                        Bradley H. Ellis
                                          Wesley R. Montalvo

16                                        Attorneys for Defendant A&E TELEVISION
                                          NETWORKS, LLC

17

18   Dated:  October 8, 2012          ROPERS, MAJESKI, KOHN & BENTLEY

19

20

21                                    By:___/s/  Stephen J. Erigero_____
                                          RICHARD L. CHARNLEY

22                                        TOMAS A. BURGOS
                                          STEPHEN J. ERIGERO

23                                        Attorneys for Defendants ASSOCIATED
                                          TELEVISION INTERNATIONAL; HELPING

24                                        HANDS, LLC; and DAVID McKENZIE, also
                                          known as DAVID STANTON

25

26

27

28

13